UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JAMES BEGLEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6: 08-157-DCR |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, | ) **AND ORDER** |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff James Begley ("Begley") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 11] Through this action, Begley seeks to reverse the decision of an administrative law judge ("ALJ"), which concluded that Begley was not entitled to Supplemental Security Income ("SSI") based on an application filed on November 1, 2004. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny Begley's motion.

### I.   BACKGROUND

James Begley protectively filed an application for SSI benefits on November 1, 2004, alleging inability to work since January 15, 2000. His claim was denied initially on April 5, 2005, and upon reconsideration on July 18, 2005. After filing a written request for a hearing,

Begley, his attorney, and vocational expert ("VE") Jackie B. Rogers, appeared for an administrative hearing before ALJ John M. Lawrence on July 13, 2006, in Hazard, Kentucky. In his subsequent September 29, 2006 decision, ALJ Lawrence found that Begley was not disabled as defined in § 1614(a)(3)(A) of the Social Security Act, and, therefore, was not entitled to SSI benefits. [Tr., p. 19] Begley now appeals from the ALJ's decision.

At the time of the ALJ's decision, Begley was a 53-year-old man with three years of college education and past relevant work experience as a truck driver. His alleged disability, beginning on January 15, 2000, consists of hemorrhoids, back problems, and a disabled right arm. [Tr., p. 66] Begley's back and arm pain are attributed to an accident in which he fell off his house and an accident in which he was thrown from an all terrain vehicle ("ATV").

After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Begley suffers from the following impairments: multiple arthralgias, remote history of right L2 compression fracture, degenerative changes in the shoulder, and left wrist injury. [Tr., p. 21] Notwithstanding these impairments, the ALJ found that Begley retained the residual functional capacity ("RFC") for a limited range of work involving light exertion. Specifically, the ALJ found the following:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job in this category when it requires a good deal of walking or standing, or when involves sitting most of the time with some pushing and pulling of arm and leg controls. He is restricted to tasks with no repetitive lifting with the upper extremities; no climbing ladders, ropes and scaffolds; no reaching overhead; occasional stooping, crouching and crawling; no more than frequent handling with the right hand; and he must avoid concentrated exposure to extreme cold and vibratory tools/equipment.

[Tr., p. 22] The ALJ concluded that Begley had not been "under a 'disability' as defined in the Social Security Act, since November 1, 2004, the date the application was filed." [Tr., p. 25]

## II. STANDARD OF REVIEW

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006); *see* 20 C.F.R. § 416.920(a)(4)(i)–(v). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.　ANALYSIS

Begley asserts that the ALJ's decision is not supported by substantial evidence because the ALJ "failed to accord appropriate weight to the opinions of his treating physicians." [Record No. 10] More specifically, Begley argues that the ALJ did not properly consider the medical records and RFC assessments his physicians, Drs. Halim and Prater, had completed.

The opinions of treating physicians are generally entitled to greater weight than those of non-treating physicians. *See Rogers*, 486 F.3d at 242. This is because treating physicians are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 416.927. "[I]f the opinion of the treating physician as to the nature and severity of a claimant's conditions is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record,' then it will

be accorded controlling weight." *Rogers*, 486 F.3d at 242 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). However, a treating physician's opinions on some issues are "not medical opinions . . .but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. § 416.927(e). In sum, a treating physician's opinion may not be given full weight when it is not supported by objective medical evidence or when it is a determination of disability that is ultimately the prerogative of the Commissioner, rather than the physician. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

An ALJ is required to give "good reasons" for rejecting the opinion of a treating physician. 20 C.F.R. § 404.1527(d)(2); *Bass*, 499 F.3d at 509. These reasons may be based on: (1) Length of the treatment relationship and the frequency of examination; (2) Nature and extent of the treatment relationship; (3) Supportability through medical signs and laboratory findings; (4) Consistency with the record as a whole; and (5) Specialization of treating source. 20 C.F.R. § 404.1527(d)(2). Here, the ALJ rejected "the limitations assessed by Drs. Halim and Prater, treating physicians, since it [sic] is not supported by acceptable medical evidence and is found to be contradicted by other evidence and inconsistent with the evidence as a whole." [Tr., p. 23]

First, the Court agrees with the ALJ's determination that Begley's treating physicians' assessments are not supported by acceptable medical evidence. Drs. Halim and Prater found that Begley could only occasionally lift and carry ten pounds (as opposed to the ALJ's finding that he could frequently do so), and sit and stand/walk for less than two hours at a time (as opposed

to the ALJ's broader proscription). As mentioned above, Begley fell of his house in 2000, fracturing his back. In 2001, he sustained injury to his right shoulder in an ATV accident. He also fractured his wrist some time before either accident.

Begley first went to the Hazard Clinic in Hazard, Kentucky, for treatment in November 2004, where x-rays were taken revealing his previous wrist injury, back fracture, and degeneration of a joint in his right shoulder. [Tr., pp. 106-109] A few months later, in January 2005, he went to Dr. Halim at the Chavies Clinic in Chavies, Kentucky, complaining of several years of back, shoulder, and wrist pain. Based on four more office visits, a diagnosis of arthralgia,[1] and no diagnostic testing, Dr. Halim concluded that Begley was "disabled for physical activity." [Tr., p. 128] He also completed the RFC assessment in which he found that Begley: (1) could only occasionally lift ten pounds; (2) could not stand and walk for more than two hours a day; and (3) could not sit for more than two hours a day.

There is no evidence that Begley received any medical treatment between his last visit to Dr. Halim, in May 2005, and his first visit to Dr. Prater, in May 2006. In May 2006, Begley went to Dr. Prater complaining of arthritis. After only two subsequent visits, Dr. Prater completed an RFC assessment very similar to Dr. Halim's. Dr. Prater provided very little medical evidence to support either his diagnoses of osteoarthritis and lumbar disc degeneration or his assessment concerning Begley's ability to lift weights, sit, stand, and walk. [Tr., pp. 139-144]

---

1. Arthralgia is defined as "pain in one or more joints." Merriam-Webster Medical Dictionary, *available at* http://www2.merriam-webster.com/cgi-bin/mwmednlm?book=Medical&va=arthralgia.

The ALJ's second rationale for rejecting the assessments of Drs. Halim and Prater was based on the inconsistencies between the assessments and the rest of the record. Despite the extreme assessments by both physicians, Dr. Halim "reported that claimant had pain in the shoulder and back, but [sic] rest of the exam was normal and there was good response with medication." [Tr., p. 23] Begley also complained of problems with fine motor skills, but Dr. Prater's record shows normal motor skills. The x-rays show the injuries pre-dating his work history as a truck driver.

The Court also acknowledges the ALJ's observation that Dr. Prater treated Begley only twice before completing his RFC assessment. It is also important to note that, although the ALJ did not give the ultimate disability determinations of these two physicians controlling weight, it is clear that he reviewed and considered their medical treatment records. The ALJ also reviewed the records of state agency medical consultants. These consultants' ultimate assessments differed from those of Drs. Halim and Prater, and were supported by detailed observations and x-ray testing revealing only old injuries. *See Hoskins v. Comm'r of Soc. Sec.*, 106 Fed. App'x 412, 415 (6th Cir. 2004) ("State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.") One of these physicians, Dr. Anzures, observed that:

> [Begley] had a splint in his right wrist, able to abduct his right shoulder to 90 degrees only, muscle strength is good, no tremor, no foot drop. Multiple x-rays were taken: both knees were negative, both shoulders- right showed some degeneration of the right AC joint with narrowing of the AC joint. Both wrists with old plate on left. LS spine showed old compression fracture.

[Tr., p. 112] The ALJ's RFC assessment mirrored that of Dr. Anzures.

Substantial evidence supports the ALJ's decision. Begley's treating physicians' assessments were not supported by diagnostic or laboratory evidence, nor were they consistent with their own treatment records. Further, they were inconsistent with the assessments of state agency medical consultants and the ALJ's own impressions of Begley at Begley's hearing. Begley's physicians reported positive responses to medication, no complaints of side effects, and no need for pain medication. The ALJ noted that Begley is able to shop for his own groceries and household items, socialize with friends and relatives, and regularly walk his dog. [Tr., pp. 161-162]

### IV. CONCLUSION

After having reviewed the record, the Court agrees with the ALJ's determination that the treating physicians' opinions are not supported by medical evidence and are inconsistent with the record as a whole. Moreover, the ALJ's decision is supported by substantial evidence in the record. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff James Begley's Motion for Summary Judgment [Record No. 10] is **DENIED**;

2. Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 14th day of November, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge